**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MUJADDID R. MUHAMMAD,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 05-75E** |
| ) | **JUDGE SEAN MCLAUGHLIN** |
| **JAMES F. SHERMAN, Warden,** ) | **MAGISTRATE JUDGE BAXTER** |
| ) | |
| **Respondent.** ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 be dismissed for lack of jurisdiction.

**II.    REPORT**

   **A.    Relevant History**

Petitioner Mujaddid R. Muhammad is a federal prisoner housed within this district, but serving a sentence imposed by the United States District Court for the Southern District of West Virginia. A review of Muhammad's petition reveals that his 1992 conviction and sentence were affirmed on direct appeal (Docket #1 at 2). Muhammad filed a § 2255 petition in the court in which he was convicted in 1994, amended that petition in 1996, and the petition was ultimately denied in 1998. The Court of Appeals for the Fourth Circuit affirmed the denial of § 2255 relief on October 22, 1998. United States v. Mars, 165 F.3d 21 (4th Cir. 1998)[1]. His request to amend or supplement his § 2255 petition was denied at the same time. Id. Muhammad then filed a § 2241

---

[1]    Petitioner was formerly known as Stacey Lamar Marsh. Muhammad v. Snyder, 50 Fed.Appx. 717 (6th Cir. 2002).

petition in the Eastern District of Kentucky, asserting an Apprendi challenge. Muhammad v. Snyder, supra. The petition was denied, and the Sixth Circuit affirmed the denial on the basis that Muhammad had not established that § 2255's remedy was inadequate or ineffective. Id. Muhammad filed a "Motion to Amend § 2255 Pleading" attempting to assert a Blakely challenge in the sentencing court. That court entered an order on February 28, 2005, holding its ruling in abeyance pending a ruling on the retroactive application of Blakely.

Petitioner now seeks to present his Blakely claim attacking his sentence, and asserts that he is permitted to do so pursuant to § 2241 since he no longer has an available remedy under § 2255. The United States has responded, and asserts that this Court lacks jurisdiction over the instant petition.

### B.    Claims Generally Cognizable in Federal Habeas Corpus Proceedings

A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980)(the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

As a general proposition "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the

district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court. Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). "As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction." Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). A habeas corpus petition pursuant to § 2241 "'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Id. quoting Myers v. Booker, 232 F.3d 902, 2000 WL 159967 at *1 (10th Cir. 2000).

Because Petitioner's claims challenge the imposition of his sentence, rather than the execution of his sentence, a habeas corpus petition filed under § 2241 is not the appropriate vehicle. When a petitioner attempts to seek relief from the imposition of sentence under 28 U.S.C. § 2241, the habeas petition is dismissed for lack of subject matter jurisdiction.

Petitioner was convicted and sentenced by the United States District Court for the Southern District of West Virginia. Thus, under § 2241 jurisprudence, the issues raised in the instant petition are not within the jurisdiction of this Court. See Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978) (challenge to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court). This petition represents a collateral attack upon the legality of the sentence as imposed by the sentencing judge. Such an attack is properly reserved for a petition filed pursuant to 28 U.S.C. § 2255 in the sentencing court.

**C.   The Savings Clause of 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides, in pertinent part:

> an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is*

- 3 -

>*inadequate or ineffective to test the legality of his detention.*

The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve." The Third Circuit has held that a § 2241 petition may (in limited situations) provide an avenue of relief to federal prisoners in accordance with the savings clause provision of § 2255. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The limited exception specifically outlined in that case is not found here.

Petitioner's argument that his remedy available under § 2255 is inadequate or ineffective is unavailing. His argument concerning inadequacy is that any new § 2255 petition would be untimely. He further argues that he wishes to raise claims premised upon cases decided since his § 2255 petition was denied, specifically Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, --- U.S. ----, 125 S.Ct. 738 (2005). Claims arising under these decisions would, Petitioner asserts, be barred should he attempt to file a second or subsequent § 2255 petition. In effect, Petitioner is arguing that the § 2255 remedy is ineffective because he would not succeed in obtaining relief.

The Dorsainvil Court used the "savings clause" to carve a limited exception to the general proposition that a challenge to a conviction and imposition of sentence by a federal prisoner must be brought only as a § 2255 claim. 119 F.3d 245. However, importantly, the Circuit did not create a § 2241 remedy for every federal prisoner who is unable to file a successive § 2255 petition. Rather, Dorsainvil stands for the proposition that resort to § 2241 habeas corpus relief is warranted under the "unusual circumstances" presented there. The court stated that where "a complete miscarriage of justice" was evident because a prisoner was being punished for "an act that the law does not make criminal thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same complete miscarriage of justice when the AEDPA amendment to § 2255 makes that collateral remedy unavailable." Dorsainvil, 119 F.3d at 251.

The Third Circuit went on to caution:

> we do not suggest that § 2255 would be inadequate or ineffective
> so as to enable a second petitioner to invoke § 2241 merely because
> that petitioner is unable to meet the stringent gatekeeping require-
> ments of the amended § 2255. Such a holding would effectively

> eviscerate Congress' intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position -- that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively -- is hardly likely to undermine the gatekeeping provisions of § 2255.

Id. at 251.  The court further cautioned that the "holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one." Id.

The Circuit further expounded on the relationship between its Dorsainvil decision and the savings clause:

> A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.  It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.  *Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.*  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

Cradle v. United States of America, 290 F.3d 536, 538-39 (3d Cir. 2002) (emphasis added).  Under Cradle, Petitioner's inability to bring a subsequent § 2255 motion to vacate sentence before his sentencing court does not make that remedy "ineffective or inadequate to test the legality of his detention" so as to allow him to proceed under § 2241.[2]

Therefore, this petition should be dismissed as lacking subject matter jurisdiction.

### D.   Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of

---

[2]   Of course, petitioner was able to at least file in the sentencing court and have held in abeyance a motion seeking to amend his prior § 2255 petition.  Thus, even if he is ultimately not granted relief, § 2255's remedy is not inadequate to address his claim.

the denial of a constitutional right."  Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000).  A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001).  Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: March 10, 2006