IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MUJADDID R. MUHAMMAD,
   Petitioner,

VS.

JAMES F. SHERMAN, Warden,
   Respondent.

Civil Action No. 05-75E
JUDGE SEAN MCLAUGHLIN
MAGISTRATE JUDGE BAXTER

FILED
'06 MAR 24 A10:18
CLERK
U.S. DISTRICT COURT

OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  Now comes Mujaddid R. Muhammad, Pro Se petitioner herein, and respectfully submits that the court should not adopt the report and recommendation for the following reasons:

  Petitioner was convicted and sentenced nearly five years before the Antieffective Death Penalty Act (AEDPA) became law. At the time of his conviction and sentencing petitioner had a settled expectation and a reasonable reliance in the landscape and scope of the law as it existed then. Petitioner was in no way precluded by pre-AEDPA law from having his claim of being sentenced in violation of the constitution adjudicated on the merits. Thus, applying the gatekeeping provisions and strictures of the AEDPA to petitioner's habeas corpus attaches new legal consequences and creates an impermissible retroactive effect.

  Applying the AEDPA is inappropriate, when doing so would have an impermissible retroactive effect. See <u>In Re Minarik</u>, 166 F.3d 591, 600-01 (3rd Cir. 1999); also, <u>In Re Jones</u>, 226 F.3d 328, 331 (4th Cir. 2000). In determining whether application

of a new statute would have an impermissible retroactive effect we are guided by "familiar considerations of fair notice, reasonable reliance, and settled expectations." Landgraft v USI Film Prods, 511 U.S. 244, 270, 128 L.Ed.2d 229, 255, 114 S. Ct. 1483 (1994).

Moreover, even under current AEDPA standards petitioner's case presents an exception to the rule, in that he is actually innocent. There is a consensus among the courts that a valid claim of actual innocence is cognizable under § 2241, when a petitioner faces the successive-motion bar crafted by the AEDPA. See, e.g., Martin v Perez, 319 F.3d 799, 804-05 (6th Cir 2003)(holding that "Martin...has satisfied the requirements of the section 2255 Savings Clause" and "is entitled to a hearing under section 2241" because Martin asserts "actual innocence" based on new rule of statutory construction adopted by Supreme Court in decision issued after denial of first section 2255 motion); In Re Smith, 285 F.3d 6, 8-9 (D.C. Cir 2002)(holding that federal prisoner, whose Bailey claim could not be raised by means of successive section 2255 motion, may "file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is confined" because prisoner "is actually innocent, having been convicted on the basis of an incorrect understanding of § 924(c), and § 2255 relief is unavailable to him; see also, In Re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)(same).

Petitioner can and has demonstrated that he is actually and factually innocent of the sentence imposed. (see § 2241 petition, at 9-12).

(2)

WHEREFORE, based upon the foregoing petitioner prays that to prevent any further miscarriage of justice then that which has already occurred, with him having served 131 months beyond the prescribed constitutional sentences he should have received, petitioner prays that this court will not adopt the report and recommendation issued in this matter. But for the court to assume jurisdiction and adjudicate this matter on the merits asserted, either under pre-AEDPA law and/or actual innocent standards.

DATED: March 22, 2006

Respectfully submitted,

Mujaddid R. Muhammad
#03335-088

### CERTIFICATE OF SERVICE

I, Mujaddid R. Muhammad, Pro Se petitioner herein, do hereby certify that the original and one (1) copy of the foregoing OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, was mailed to the Clerk's office for the United States District Court, Western District of Pennsylvania, Erie, this <u>23rd</u> day of March 2006. Service was also made upon AUSA Christy C. Wiegand at U.S. Courthouse, Post Office 700 Grant Street, Ste. 400, Pittsburg, PA 15219, on the same day.

Respectfully submitted,

Mujaddid R. Muhammad

Mr. Mujaddid R. Muhammad
#03335-088
FCI McKean
P.O. Box 8000
Bradford PA 16701

March 23, 2006

Clerk's Office
United States District Court
Western District of Pennsylvania
P.O. Box 1820
Erie PA 16507

    RE: **MUHAMMAD VS SHERMAN**
        **C.A. NO. 05-75E**

Dear Clerk:

    Enclosed for filing in the above-styled action, please find the original and one copy of my OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION. A copy has been served on the AUSA.

                                       Respectfully submitted,

                                       Mujaddid R. Muhammad